PORTO RICO FERTILIZER COMPANY, PLAINTIFF AND APPELLEE, *v.* GANDÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2333.—Decided April 29, 1921.

DEBT — SATISFACTION — PLEADING. — A person who is sued for a liquidated and matured debt can not successfully plead satisfaction based on a claim against

the plaintiff when that claim is the subject matter of another action wherein the defendant alleges that he had paid the debt to another person who had become its lawful owner.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the appellant.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The Porto Rico Fertilizer Company brought an action of debt against Pedro Gandía Córdova, alleging the following:

"I. That the plaintiff is a corporation duly organized under the laws of Porto Rico and doing business in this Island, its principal industry being the manufacture of chemical fertilizers; that the defendant is a merchant residing in San Juan, and that both parties have full civil capacity.—II. That on June 7, 1916, defendant Pedro Gandía signed in favor of the plaintiff, for the consideration therein stated, a promissory note which reads as follows: 'No. 1743.—For $220.93—Payable June 7, 1917.—I promise to pay to the Porto Rico Fertilizer Company or order on June 7, 1917, in San Juan, P. R., or at the residence of the holder of this note, the sum of two hundred and twenty dollars and ninety-three cents, which if not then paid shall draw interest at the rate of one per cent monthly. This obligation arises from a wholly satisfactory purchase of chemical fertilizer made by me from the said company and I declare it preferred for all lawful purposes, for it is an express condition that I shall use the fertilizer purchased by me solely and exclusively on my sugarcane plantations and I agree to that in the most solemn manner.—I bind myself to pay whatever expenses the collection of this obligation may originate, including attorney fees.—San Juan, P. R., June 7, 1916.—(Sd.) P. Gandía.'—III. That on February 21, 1916, said defendant Pedro Gandía signed in favor of the plaintiff, for the consideration therein stated, another promissory note (it is literally transcribed; is for the sum of $615.73, payable June 30, 1916, and its terms are the same as those of the first note).—IV. That both of the said promissory notes have matured, but have not been paid in whole or in part by Pedro Gandía, notwithstanding the repeated demands made upon him by the plaintiff, and for the foregoing reasons the plaintiff prays the court for judgment against the de-

fendant for the sum of ($835.66) eight hundred and thirty-five dollars and sixty-six cents, with interest at the agreed rate from the date of maturity of each obligation until fully paid and the expenses, costs and attorney fees lawfully incurred in this action.''

The defendant answered as follows:

''First: He admits as true the allegations contained in the first count of the said amended complaint.—Second: He also admits the averments of the second count.—Third: Likewise the allegations of the third count are true.—Fourth: The allegations of the fourth count of the complaint are true as regards the fact that the two said promissory notes copied into the second and third counts are due and have not been paid in whole or in part; but the defendant denies, because it is not true, that before filing its complaint the plaintiff repeatedly demanded from Pedro Gandía the payment of the said obligations.''

Then the defendant set up as new matter a plea of compensation based on the following facts: That the defendant was and still considers himself to be a shareholder of the plaintiff corporation; that in the dividends declared by the said corporation in June, 1916, the said defendant was entitled to the sum of $8,234.06, which remained at his disposal in the safe of the corporation; that after the dissolution and liquidation of the partnership of Gandía & Stubbe, the organizers of the plaintiff corporation, Gandía offered to sell to J. D. Stubbe, his partner and successor as president of the plaintiff corporation, sixty shares of its stock which belonged to him personally; that by a fraudulent combination with Trías, the liquidator of Gandía & Stubbe, Stubbe made it appear in the books that Gandía had assigned the said dividends to him and when Gandía brought suit against the Porto Rico Fertilizer Company for the recovery of the said dividends the defendant company alleged, knowing that there had been no such assignment, that it had paid the dividends in question to Stubbe Brothers as the assignees of J. D. Stubbe, who in turn was the assignee of Gandía.

The issue being thus joined, the case was called for trial

on July 13, 1920. The parties announced that they were ready for the trial. The plaintiff declined to offer any evidence and moved for judgment on the pleadings. The defendant objected and contended that he had a right to prove his plea of compensation. The court gave judgment for the plaintiff and the defendant raised the present appeal.

It is a fact that the defendant admitted that he owed the sums sued for by the plaintiff corporation. There is no doubt about this. The real question is whether or not in the new matter pleaded the defendant made out a case of compensation. If he did, the judgment appealed from should be reversed and the case remanded to the court of its origin for further proceedings according to law. But if, taking as true the allegations of the new matter pleaded, it can be concluded that the defendant did not establish a case of compensation, the judgment should be affirmed.

The Civil Code prescribes that obligations are extinguished by their payment or fulfillment; by the loss of the thing due; by the remission of the debt; by the merging of the rights of the creditor and debtor; by compensation, and by novation. Therefore, according to the express provision of the law, compensation is one of the ways in which an obligation may be extinguished. How and when is it effective? The law is clear. According to section 1163 of the Civil Code, compensation shall take place when two persons, in their own rights, are mutually creditors and debtors of each other. And under section 1164 of the Code, in order that compensation may be effective, it is required: 1. That each of the obligors be bound principally and be at the same time the principal creditor of the other; 2. That both debts consist of a sum of money, or, when the things due are fungibles, that they be of the same kind and quality, if the latter be designated; 3. That both debts be due; 4. That they be liquidated and demandable; 5. That neither of them be sub-

ject to any lien or suit by a third person of which the debtor had due notice.

The first four requisites are present in this case. The fifth is the one in which doubt arises. It does not appear that the dividends were subject to a lien, or that a third person had brought an action to recover them, but the defendant himself says that he was compelled to bring another action to recover the dividends and that in that other action the defendant, the plaintiff here, alleged that the said dividends had been paid to a third person, Stubbe Brothers, to whom they had been assigned by J. D. Stubbe, who in turn had acquired them by assignment from defendant Gandía.

We have consulted the jurisprudence of the Supreme Court of Spain and have found no case similar to this. The judgment of March 21, 1898 (93 *J. C.* 679, 685), follows the exact words of the statute, stating that in that case, where compensation was held to be well pleaded, there was no lien nor suit by third persons.

The Spanish commentators consulted express no opinion which could be applied to this particular case. We have carefully studied the article by Judge Lobinger on "Compensation" at pages 224 *et seq.* of volume 12 of Corpus Juris and many of the cases there cited, particularly those of Louisiana where the statutes covering the matter are similar to those of Porto Rico, and have found no solution of the problem under consideration.

In our opinion, considering the facts of the case, the district court acted according to law in holding that when the plea was made the defendant could not compensate with his debt the debt of the plaintiff corporation.

The defendant's debt was certain, liquidated, clear and admitted by him. The plaintiff's debt was litigious and denied by the plaintiff on the ground that it had been paid to another person to whom it had been assigned.

The tendency of the law and of jurisprudence is to avoid the multiplicity of suits by endeavoring to dispose of all questions between the same parties in one single action; but in this case the other action had already been brought and it is not proper that the same question should be twice submitted to the courts and disposed of in two distinct actions.

And it may not be said that if the other action should be decided finally in favor of Gandía he might run the risk of losing the sum sued for in this action by being compelled to pay it if this case should be decided first, for our system of laws gives Gandía ample means for securing the effectiveness of the judgment that may be rendered in the action to recover the dividends, that is, by attaching properties of the defendant corporation, including among them, if necessary, the debt sued for in this action.

The doctrine here laid down only solves the problem as it was clearly and insistently raised by the defendant himself, that is, as a compensation according to the provisions of the Civil Code.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.